JUDGMENT: Affirmed
 OPINION
Plaintiff-appellant Alex L. Chapman appeals from the August 27, 1998, Opinion of the Guernsey County Court of Common Pleas. Defendant-appellee is the Ohio Department of Rehabilitation and Correction/Noble Correctional Institution.
 STATEMENT OF THE FACTS AND CASE
From July, 1989, through June of 1996, appellant Alex Chapman was employed by the Ohio Department of Rehabilitation Correction as a corrections officer at Warren Correctional Institution. On June 10, 1996, appellant signed a notarized Ohio Civil Service Application in which he indicated that he had a total of 14 years of education, including primary school, that he had an Associates Degree in communications from the International Broadcasting School, and that he had taken six courses in interpersonal communications and five courses each in effective speaking and public relations. Previously, in October of 1988, appellant had submitted a signed Civil Service Application stating that he had graduated from broadcasting school in 1983. Appellant, in fact, had graduated in May of 1983 from the International College of Broadcasting. At the time of appellant's graduation, the International College of Broadcasting was not licensed to issue Associates Degrees. Appellant, on August 4, 1996, was promoted to Lieutenant at Noble Correctional Institution. While the position of Lieutenant only requires a high school diploma or a GED, Noble Correction Institution, being a newer facility, preferred individuals with college degrees who could be quickly promoted from within. Appellant was promoted, in part, based on the representation in his 1996 Civil Service Application that he had a college degree. Appellant was one of several applicants for the vacant Lieutenant position. As late as February 18, 1996, appellant had signed a form acknowledging that he received the Standards of Employee Conduct for the Ohio Department of Rehabilitation and Correction. The Standards that were effective February 18, 1996, stated in Rule 22 that a first offense of falsifying any official document was punishable by a three to five day suspension or removal. Previous editions of the Standards of Employee Conduct that appellant had received in 1989 and 1990 also provided that a first offense of falsification of an official document could result in removal from one's position. Shortly after appellant commenced employment as a Lieutenant, the Ohio Department of Rehabilitation and Corrections began verifying degrees held by its employees. For such reason, David Lynch, who at the time was the Labor Relations Officer at Noble Correctional Institution, asked appellant to submit transcripts and/or degrees to verify his educational background. Lynch, On February 13, 1997, sent an interoffice memo to Labor Relations Officer Chuck Adams stating that a review of appellant's transcripts demonstrated that appellant did not have an Associates Degree and that the course work appellant claimed to have taken was "not verified by the transcripts." In addition, the memo indicated that appellant's transcripts showed that appellant did not have a total of 14 years of education, but rather had only ten months of education beyond the high school level. Pursuant to a February 14, 1997, notice from David Lynch to appellant, a predisciplinary conference before a hearing officer was scheduled for February 18, 1997. The notice stated as follows: "It is alleged you have violated the Standards of Employee Conduct Rule #22 Falsifying an Official Document." When appellant, on February 18, 1997, did not have a copy of his Associates Degree, the hearing was continued at appellant's request for ten (10) days until February 28, 1997, so that appellant could obtain a copy of the same. Since appellant, on February 28, 1997, stated that he did not have a copy of his Associates Degree for purposes of verification, the hearing officer found in her February 28, 1997, report that there was just cause for discipline since "[b]ased on no Associates Degree produced, the falsification of an official document has been verified." For such reason, appellant, effective February 28, 1997, was removed from his position as Lieutenant. The Order of Removal signed by Thomas B. Haskins, the Warden of Noble Correctional Institution, stated as follows: "The reason for this action is that you have been guilty of . . . Specifically: Violation of: ORC 124.34 — Failure of Good Behavior and Standards of Employee Conduct Rule 22 — Falsifying a Official Document.
That your June 10, 1996, notarized Ohio Civil Service Application states you have an Associates Degree in Communications. The transcripts you have provided do not demonstrate the coursework, years of education, or the degree. You have not provided the state a copy of your Associates Degree."
Thereafter, on March 4, 1997, appellant filed an appeal from the Order of Removal with the State Personnel Board of Review. A hearing on appellant's appeal was scheduled for July 28, 1997. At appellant's request, the hearing was continued so that appellant could depose witnesses. The hearing was later rescheduled to September 8, 1997. Pursuant to a November 6, 1997, Report and Recommendation to the State Personnel Board of Review, Administrative Law Judge Howard Silver recommended that appellant's removal be affirmed, finding that: "The evidence presented reflects that the appellant does not possess an associate's degree from the International Broadcasting School, has not secured fourteen years of education (though this figure would be somewhere around thirteen plus years), and did not complete the six courses in interpersonal communications, five courses in effective speaking, and five courses in public relations reported in the June, 1996 application. The evidence presented in this case reflects that the statements appearing in the June, 1996 application for a lieutenant's position at the Noble Correctional Institution by the appellant, are false and the appellant had reason to know that they were false on the date that he presented them to his employer in application for the lieutenant's position at the Noble Correctional Institution. The evidence also reflects that these false statements were relied upon by the appellee in selecting the appellant for the position applied for."
The Administrative Law Judge further found that "the determination to remove this appellant for these false statements is not an abuse of discretion and is within the authority of the appellee. . .". Appellant, with leave from the Administrative Law Judge, filed his objections to the Report and Recommendation on December 31, 1997. A response to appellant's objections was filed by appellee on January 8, 1998. Pursuant to an Order filed on February 27, 1998, the State Personnel Board of Review affirmed the appellant's removal. Appellant, on March 13, 1998, filed a Notice of Appeal of the State Personnel Board of Review's February 27, 1998, Order with the Guernsey County Court of Common Pleas. Appellant filed his brief with the trial court on May 7, 1998, whereas appellee filed its brief on May 22, 1998. A reply brief was filed by appellant on June 9, 1998. On June 15, 1998, appellant filed a request that he be permitted to submit additional evidence pursuant to R.C. 119.12. Appellant, who specifically sought to introduce evidence that he was a victim of disparate treatment within the Department of Rehabilitation 
Correction, alleged that he was denied the opportunity to present such evidence due to the Administrative Law Judge's refusal to grant him a continuance of the September 8, 1997, hearing. Appellee filed a Memo Contra to appellant's request on June 19, 1998. The trial court, pursuant to an entry filed on August 21, 1998, denied appellant's request for the admission of additional evidence. On August 27, 1998, the trial court denied appellant's appeal and dismissed his case, finding that the Board of Review's Order affirming appellant's removal was supported by reliable, probative, and substantial evidence and not contrary to law. The trial court, in its opinion affirming the Board of Review's Order, stated that "it is undisputed that [appellant] made false statements in his June, 1996, application. The Court further finds that such falsification provided a sufficient basis for the employer to remove [appellant] from his employment as a violation of Ohio Revised Code Section 124.34" It is from the August 27, 1998, Opinion that appellant prosecutes his appeal. Since appellant has not set forth his assignments of error in the standard manner, this court shall attempt to discern the nature of appellant's arguments. A copy of appellant's "Statement of Assignments" is attached for reference as Appendix 1. An appellate court, in reviewing an order of an administrative agency, has a more limited role than a trial court reviewing the same order. Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257. Whereas the trial court examines the evidence, the appellate court's role is "to determine only if the trial court has abused its discretion." Id. at 260 — 261. See also R.C.119.12. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Lorain City, supra. We find, however, that there was reliable, probative and substantial evidence supporting the Board's decision to remove appellant and that the trial court, therefore, did not abuse its discretion in affirming the same. At the hearing before the Administrative Law Judge Howard Silver, Thomas Haskins, the Warden of Noble Correctional Institute, testified that in 1996, he was verbally instructed during a meeting attended by all of the Wardens in Ohio to verify the educational levels of all employees. Warden Haskins indicated that he assumed that such policy was developed after it was discovered that two employees at Ross Correctional Institution did not have the credentials that they claimed to have. For such reason, appellant, whose hiring was based in part on his alleged college degree, was asked by David Lynch to verify that he had an Associates Degree in communications and that his specific coursework was as represented in his 1996 notarized Ohio Civil Service Application. After appellant, however, was unable to do so, he was removed from his position as Lieutenant for falsification pursuant to Rule 22 of the ODRC Standards of Conduct and pursuant to R.C. 124.34. Whereas Rule 22 authorizes an appointing authority to remove a first time offender, such as appellant, who falsifies an official document, R.C. 124.34
authorizes an appointing authority to remove an employee for dishonesty. The Appellee clearly had authority to remove appellant under Rule 22. As the Administrative Law Judge wrote in his Report and Recommendation to the Board: "While the false statements in the June, 1996, application are regrettable, they also provide a sufficient basis for the employer to remove appellant under violation of Ohio Revised Code Section 124.34 specifically for violating the honesty required by this law."
While appellant contends that appellee failed to follow the progressive discipline steps contained in the Standards of Employee Conduct, Rule 22 clearly provides that a first offense of falsification of an official document is punishable by a three (3) to five (5) day suspension or removal. Appellee, therefore, did follow its policy of progressive discipline since it was authorized to remove appellant for a first offense of falsification. Moreover, while appellant asserts in his brief that he was removed from his position "without a written directive, any policy, just hearsay," the evidence is clear that in 1987, 1990 and again in 1996 appellant acknowledged receiving copies of the Standards of Employee Conduct, all of which stated that a first offense of falsification could be punishable by removal. Appellant, therefore, should have been aware of the ramifications of violating Rule 22. While, as the Administrative Law Judge noted, appellee could have chosen a lesser penalty in disciplining appellant, appellee clearly was not required to do so and was authorized to remove appellant from his position as a Lieutenant for falsification regardless of his unblemished performance as an employee. As an assignment of error, appellant also maintains that the trial court erred in denying his Request for the Admission of Additional Evidence. On June 15, 1996, appellant had filed a written request to submit additional evidence pursuant to R.C.119.12, contending that "he was denied his opportunity to present evidence of disparate treatment within the Department of Rehabilitation and Correction due to the Administrative Law Judge's Refusal to grant him a continuance." R.C. 119.12 which addresses the admission of additional evidence in an appeal from the Board of Review states as follows: "unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency. `Newly discovered evidence refers to evidence that was in existence at the time of the administrative hearing but which was incapable of discovery by due diligence; however newly discovered evidence does not refer to newly created evidence.' * * *
"In interpreting Civ.R. 60 (B)(2), which is analogous to R.C.119.12 as it pertains to newly discovered evidence, this court has held that the moving party has the burden of demonstrating: `(1) that the evidence was actually "newly discovered"; that is it must have been discovered subsequent to the trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative and that a new trial would probably produce a different result.'" Clark v. State Bd. of Registration for Professional Engineers Surveyors (1997),121 Ohio App.3d 278, 287-288, citing Diversified Benefit Plans Agency, Inc. v. Duryee (1995), 101 Ohio App.3d 495, 501-502. In the case sub judice, appellant moved the trial court to admit evidence of disparate treatment. Appellant specifically sought to introduce evidence that employees at Northeast Pre-Release Institution, Dayton Correctional Institution, Montgomery Pre-Release and Education Center, Lebanon Correctional Institution and Marion Correctional Institution were treated differently than appellant when charged with like or similar offenses. However, appellant's evidence is not "newly discovered". As is stated above, "newly discovered evidence," as such term is used in R.C. 1119.12, refers to evidence that, although in existence at the time of an administrative hearing, was incapable of discovery by due diligence. Diversified Benefit Plans Agency, supra. at 501-502. In the case sub judice, appellant's evidence was not "newly discovered". Appellant alleges that some of the evidence was in existence and known to appellant prior to the administrative hearing but appellant was unable to obtain a continuance for the administrative hearing to secure the witnesses. Appellant alleges that some of the evidence became known to him after the administrative hearing. Neither of these allegations can be classified as newly discovered. But, most significantly, this evidence was not material or relevant. O.A.C.124-9-11 states, in relevant part, as follows: "(A) The board may hear evidence of disparate treatment between the appellant and other employees of the appointing authority for the purpose of determining whether work rules or administrative policies are being selectively applied by the appointing authority or to determine whether the discipline of similarly situated employees is uniform. (Emphasis added.)
R.C. 124.01(b) defines an "appointing authority" as meaning the "officer, commission board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board, or institution." The appointing authority in this matter is Thomas B. Haskins, the Warden of Noble Correctional Institution. Since none of the individuals who appellant sought to depose, with the exception of Louis Hensley, was employed by Warden Haskins at Noble Correctional Institution, information regarding the treatment of such individuals is not material or relevant. Hensley, who was employed as a Correction Lieutenant at Noble, resigned in March of 1997, shortly after he was requested to verify his educational credentials. There is no evidence that Hensley was given the option of resigning or facing termination. Rather, Hensley resigned "for personal rights" before anyone in the Ohio Department of Rehabilitation Correction had the opportunity to investigate his credentials. Therefore, Hensley's testimony was not shown to be relevant on the issue of disparate treatment. Finally, appellant appears to contend that his counsel was ineffective because counsel did not timely file subpoena requests for witnesses that appellant claims were needed at the hearing in front of the Administrative Law Judge Howard Silver. However, there is no constitutional right to effective assistance of counsel in civil proceedings. Rather, an injured party's remedy for inefficient legal counsel in a civil action is generally a suit for legal malpractice against the attorney. See GTE Automatic Elec. Inc. v. ARC Indus. (1976), 47 Ohio St.2d 146,152 citing Link v. Wabash R.R. Co. (1962), 82 S.Ct. 1386, 1390. Since the trial court did not abuse its discretion in determining that the State Personnel Board of Review's decision affirming appellant's removal was supported by reliable, probative, and substantial evidence, all of appellant's assignments of error are overruled.
The Judgment of the Guernsey County Court of Common Pleas is affirmed.
By Edwards, J. Gwin, P.J. and Farmer, J. concur