JOURNAL ENTRY AND OPINION
Plaintiff-appellant, John D. Johnson, appeals the trial court's division of the parties' marital assets and its award of attorney fees to defendant-appellee, Ida B. Johnson. Appellant presents three separate assignments of error for our review: (1) the trial court erred in deciding that certain real estate was marital property, (2) the date selected by the trial court for appellee's support payments to begin is erroneous because it is a date beyond the term of the parties' marriage, and (3) the court abused its discretion in awarding appellee attorney fees. We find no merit in any of these claims and, therefore, affirm the judgment of the trial court for the reasons set forth below.
The parties were married on May 31, 1986.[1] Appellant, age 60, is a retired police officer, who receives monthly income from his Police and Firemen's Disability and Pension Fund ("PFDPF".) Appellee, age 61, receives income from different sources, including social security, her own pension, and occasional work as a real estate agent. During the marriage, appellant purchased property located at 8935 Meridian Ave., Cleveland, Ohio (the "Meridian property").[2] The parties separated on October 31, 1993. Appellant's complaint for divorce was filed on October 31, 1997. The parties stipulate that a de facto termination of marriage occurred on October 31, 1993.
During the trial, which commenced on June 1, 1999, the court's magistrate accepted the parties' fact stipulations and agreed to allow them to submit briefs on the issues of support, division of marital property, and attorney fees. After both parties submitted their respective briefs, the magistrate rendered her decision on January 4, 2000. In a seventeen-page decision, the magistrate found, in pertinent part, that:
 It would be inequitable in determining marital property to use the date of final hearing because the parties were separated for four (4) years prior to filing for divorce and lived independent lives throughout that period. * * * Defendant has no separate property.
* * *
 [T]he value of Plaintiff's pension is so significant that there are not sufficient assets in this case to award the entire marital interest in the pension to Plaintiff.
 * * * The Magistrate finds that the only way for the Court to equitably divide it is by awarding to Defendant a portion of the monthly benefit.
* * *
 Defendant should be awarded one-half of the marital portion of the pension * * *; thus Defendant is owed $364 per month.
* * *
 The Magistrate finds that Plaintiff owes Defendant her share of the PFDPF commencing the date this case was filed on October 31, 1997. Actually Plaintiff has an equitable claim for her share of the pension from the time that it went into pay-out status in 1992, but the court only has jurisdiction to begin payment when the case was filed.
 The Magistrate finds that the real estate was acquired during the marriage despite the fact that title did not transfer to Plaintiff until after the parties' separation.
 The Magistrate finds that a portion of the equity in the Meridian Avenue property is marital and a portion is separate.
* * *
 Plaintiff will have current income in the amount of $2,637 per month from his portion of the PFDPF pension. Defendant will have income in the amount of $364 per month from PFDPF.
 Plaintiff also has rental income from * * * an eleven-unit apartment building which generates gross income of approximately $3500 per month. The property has no mortgage.
* * *
 The bank records of Defendant * * * showed deposits as follows:
 $42,599 in 1994 * * * $63,789 in 1995 * * * $37,325 in 1996 * * * $54,149 in 1997 * * * $18,980 for the first six months of 1998 * * *.
* * *
 Defendant's earned income is approximately $750 per month.
* * *
 Plaintiff should be required to contribute to Defendant's attorney fees because she has very limited income and little property. Defendant will be receiving only $8,400 as property division. She should not be required to use this modest property division award to pay her attorney fees. Plaintiff's income will be * * * $55,000 per year. Defendant's income will be * * * $16,536. The Magistrate concludes that Defendant will not have the ability to pay her own attorney fees while Plaintiff will be able to contribute to those fees.
* * *
 [A]ttorney fees in the amount of $9,000 are reasonable. * * * Plaintiff [is] ordered to pay $7,500 towards Defendant's attorney fees.
Appellant filed objections to the magistrate's decision, which objections were overruled. The court adopted the decision, without exception, and entered a Judgment Entry of Divorce. Appellant timely filed the appeal before us. Appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO IDENTIFY ALL APPRECIATION IN VALUE OF THE PROPERTY LOCATED AT 8935 MERIDIAN AVENUE, CLEVELAND, OHIO 44106 AS APPELLANT'S SEPARATE PROPERTY AND BY AWARDING APPELLEE A PORTION OF THE APPRECIATION IN THE VALUE OF THE PROPERTY.
Appellant's initial claim is two-fold. First, the court erred in treating the Meridian property as a marital asset. Second, the court abused its discretion in awarding part of the Meridian property's appreciated value to appellee. Appellant maintains that the Meridian property appreciated in value after October 31, 1993, the date of the parties' de facto termination of marriage, and only after he became the sole owner of the Meridian property, by deed transfer on January 12, 1994. According to appellant, the Meridian property and its appreciated value is his separate property, not marital property. We reject both arguments and overrule appellant's first assignment of error.
A trial court has broad discretion in making a division of marital property in domestic relations cases. Berish v. Berish (1982),69 Ohio St.2d 318, 432 N.E.2d 183. A trial court's decision regarding the division of marital property will be upheld absent an abuse of discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 541 N.E.2d 597;Martin v. Martin (1985), 18 Ohio St.3d 292, 480 N.E.2d 1112. "The term `abuse of discretion' connotes more than an error in law or judgment; it implies that the trial court acted in an unreasonable, arbitrary or unconscionable manner." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140, 1142. No abuse of discretion has occurred if it is apparent from the trial court's record that its decision is supported by some competent, credible evidence. Ross v. Ross (1980), 64 Ohio St.2d 203,414 N.E.2d 426; Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401,696 N.E.2d 575.
A trial court's division of marital property need not be equal in order to be equitable. Braylock v. Braylock (Dec. 23, 1999), Cuyahoga App. No. 75459, unreported, 1999 Ohio App. LEXIS 6251. The lower court's decision, moreover, will not be reversed absent an abuse of discretion.Landry v. Landry (1995), 105 Ohio App.3d 289, 663 N.E.2d 1026. Further, "[a]ny claimed disparity in the allocation of the parties' debt must be viewed in light of the entire property division." Larkey v. Larkey (Nov. 4, 1999), Cuyahoga App. No. 74765, unreported, 1999 Ohio App. Lexis 5174 citing Snyderv. Snyder (1995), 105 Ohio App.3d 69, 78, 663 N.E.2d 695.
Marital property is "all income and appreciation on separate property, due to labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(b). Moreover, the party claiming that an asset is separate property bears the burden of proof by a preponderance of the evidence. Larkey, supra citingPeck v. Peck (1994), 96 Ohio App.3d 731, 734, 645 N.E.2d 1300. "`Preponderance of evidence' is defined as `evidence which is of greater weight or more convincing than evidence which is offered in opposition to it * * *.'" Larkey, supra citing Diversified Benefit Plans Agency, Inc.v. Duryee (1995), 101 Ohio App.3d 495, 501, 655 N.E.2d 1353.
In the case at bar, appellant claims the Meridian property is not marital property because it was not "acquired during the marriage." Appellant states he acquired the Meridian property by deed transfer after October 31, 1993, that is, on January 12, 1994 when he took title. The law, however, does not support appellant's argument because "the existence of the deed is not determinative of whether the property is marital property or separate property.
 Under R.C. 3105.171(H), the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property, but is just one factor for the court's consideration.
Larkey, supra at *8.
As a matter of law, a trial court must consider numerous factors in determining what constitutes marital property, with the court's ultimate goal being an equitable division of property between the parties. With this in mind, we note the magistrate's conclusion that, "the real estate was acquired during the marriage despite the fact that title did not transfer to Plaintiff until after the parties' separation." Given the additional facts that appellee "has no separate property" and a "very limited income," we find no abuse of discretion in the court's decision that the Meridian property is a marital asset capable of division between the parties. This portion of appellant's first assignment of error is without merit.
The second and final claim included in appellant's first assignment of error argues that even if the Meridian property is a marital asset, its appreciation in value is not. Appellant states "the appreciation remains [his] separate property," and the appreciation accrued only "after the de facto termination date of the marriage * * *."
We have already determined the trial court did not err in finding the Meridian property to be part of the parties' marital property. Any appreciation in the Meridian property's value is also a marital asset.Otis v. Otis (Dec. 10, 1999), Greene App. Nos. 98CA91, 98CA139, unreported, 1999 Ohio App. LEXIS 5870.
More significant is the failure of appellant to support his claim that the Meridian property appreciated in value after the marriage terminated. It is appellant's burden to prove, by a preponderance, that this property appreciated in value after October 31, 1993. Larkey,supra. He has not met that burden. Appellant's first assignment of error is, therfore, overruled in its entirety.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THE COMMENCEMENT DATE OF PAYOUT OF APPELLEE'S INTEREST IN APPELLANT'S POLICE AND FIREMEN'S DISABILITY AND PENSION FUND.
It is undisputed that the trial court found that the PFPDF pension fund is part of the parties' marital property. According to appellant, the trial court abused its discretion in awarding appellee $364 out of his monthly PFPDF pension fund "commencing October 31, 1997." Appellant argues that the "order to pay" is erroneous because it should not commence until after the date of the decree, that is March 16, 2001.
According to appellant, the "order to pay" is retroactive rather than prospective, and, therefore, reversible error. Appellant urges us to correct this claimed error by ordering the PFPDF payment to commence on March 16, 2001, the date of the divorce decree, rather than the October 1997 date. We not only reject appellant's request, but are compelled to point out significant discrepancies between his understanding of the court's findings and the actual record in this case.
We first note that appellant is incorrect in stating that the trial court's "order to pay" monies from the PFPDF fund commenced on October 31, 1997. To the contrary, the court's final entry is explicit:
 The Court further finds that Plaintiff owes Defendant the total sum of $20,816 calculated as follows:
 Arrearage on pension payments as of June 1, 1999 $ 4,916.00 Attorney fees $ 7,500.00 Defendant's equity in Meridian Avenue property $ 8,400.00 Total owed $20,816.00
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall execute and deliver a promissory note to Defendant in the principal amount of $20,816.00, bearing interest at the rate of 5% which shall become due and payable to Defendant on July 1, 2001. * * *
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is awarded a judgment against Plaintiff in the sum of $20,816.00 for which execution may issue. * * *
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event Defendant fails to pay Plaintiff [sic] the sum of $20,816 owed to her for lump sum property division, pension arrears and attorney fees on or before July 1,
2001, the real estate located at 8935 Meridian Avenue, Cleveland, Ohio 44106 shall be sold. * * * (Emphasis added.)
Appellant owes appellee $20,816.00 and he must pay it, in one form or another, on July 1, 2001 or risk a forced sale of the Meridian property. The October 31, 1997 date is not a "payment" date. This date is, however, a date properly selected by the court from which to begin "calculation" of appellee's share of the PFPDF monies. Choosing the October 31st date as a means of deciding how to equitably divide and distribute the parties' marital property, of which the fund is part, is not error.
A trial court has broad discretion when it considers how to distribute retirement benefits; flexibility is required if the court is to be able to make an equitable decision.
 [W]hen considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result; the trial court should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage.
Sprankle v. Sprankle (1993), 87 Ohio App.3d 129, 621 N.E.2d 1310 citingHoyt v. Hoyt (1990), 53 Ohio St.3d 177, 178, 559 N.E.2d 1292. Moreover, a court may
 * * * select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.
Blakemore, supra.
In the case at hand, the trial court found that "the value of Plaintiff's pension is so significant that there are not sufficient assets in this case to award the entire marital interest in the pension to Plaintiff." In adopting the magistrate's decision, the court also explained:
 It would be inequitable in determining marital property to use the date of final hearing because the parties were separated for four (4) years prior to filing for divorce * * *.
* * *
 The Magistrate finds that Plaintiff owes Defendant her share of the PFDPF commencing the date this case was filed on October 31, 1997. Actually Plaintiff has an equitable claim for her share of the pension from the time that it went into pay-out status in 1992, but the court only has jurisdiction to begin payment when the case was filed.
 The magistrate finds that from October 31, 1997 to June 1, 1999, nineteen (19) months have elapsed. Plaintiff owes Defendant $364 per month for 19 months or a total of $6,916. The Magistrate concludes that as of June 1, 1999 Plaintiff owes Defendant $6,916 for her share of the PFPDF.[3]
The court used the October 31, 1997 filing date as the date from which tocalculate appellee's deserved share of the PFDPF pension fund. Use of the October 31st date for purposes of determining what appellee would have received during the parties' separation is not an abuse of discretion. Had the parties not been separated for four years, appellee would have enjoyed the benefits of the PFDPF payments during that entire time. Were the court to do as appellant suggests, appellee would be prejudiced by being denied four years worth of her equitable share of the PFDPF pension monies. The court did not abuse its discretion in making certain that appellee received her share of the parties' marital property, including the pension payments. Appellant's second assignment of error is overruled.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY A PORTION OF APPELLEE'S ATTORNEY FEES.
Appellant claims that the trial court erred in awarding appellee attorney fees because she has the ability to pay them herself. As this court has stated, "[t]he award of attorney fees in a divorce proceeding is a matter committed to the sound discretion of the trial court and, therefore, will not be disturbed on appeal absent an abuse of that discretion." Williams v. Williams (1996), 116 Ohio App.3d 320, 328,688 N.E.2d 30; Wright v. Wright (Sept.13, 2001), Cuyahoga App. No. 78275, unreported, 2001 Ohio App LEXIS 4066. When attorney fees are awarded in divorce proceedings, they are awarded as part of alimony. Consequently, the court must contemplate those same factors contained in R.C. 3105.18(B) which it considers when it makes an alimony award. Glickv. Glick (1999), 133 Ohio App.3d 821, 831, 729 N.E.2d 1244; Aponte v.Aponte (Feb. 15, 2001), Cuyahoga App. Nos. 77394 and 78090, unreported, 2001 Ohio App. LEXIS 529. The overriding consideration, however, is the financial ability of the party against whom the award is made, to pay. R.C. 3105.18(H);[4] Swanson v. Swanson (1976), 48 Ohio App.2d 85, 95,355 N.E.2d 894.
In the case at bar, the court determined that:
 Plaintiff should be required to contribute to Defendant's attorney fees because she has very limited income and little property. Defendant will be receiving only $8,400 as property division. She should not be required to use this modest property division award to pay her attorney fees. Plaintiff's income will be * * * $55,000 per year. Defendant's income will be * * * $16,536. The Magistrate concludes that Defendant will not have the ability to pay her own attorney fees while Plaintiff will be able to contribute to those fees.
* * *
 [A]ttorney fees in the amount of $9,000 are reasonable. * * * Plaintiff [is] ordered to pay $7,500 towards Defendant's attorney fees.
The court also determined that the amount of appellee's income from her employment as a real estate agent was erratic and her "earned income is approximately $750 per month." When compared to appellant's steady income from the Meridian property and his other income sources, appellee's income is significantly less. In light of the entire property division, we find competent, credible evidence supporting the trial court's determination that appellant had the greater financial ability to pay appellee's attorney fees. Appellant's third assignment of error is overruled.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.
[1] No children were born of this marriage.
[2] On January 12, 1994, title was transferred and recorded in appellant's name.
[3] This amount was ordered to be set off by appellant's prior temporary support payment of $2,000.
[4] R.C. 3105.18(H) provides:
 (H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney's fees.