OPINION
{¶ 1} Hazel M. Kelly, plaintiff-appellant, filed a timely appeal from the judgment of the Franklin County Court of Common Pleas affirming the denial of disability benefits by defendant-appellee, Ohio Department of Administrative Services ("DAS").
 {¶ 2} Appellant asserts the following assignments of error:
1. The trial court committed prejudicial error in affirming the hearing officer's denial of appellant's right to cross-examine Dr. Powers, an independent third party medical review, whose testimony is binding and conclusive.
2. The trial court committed prejudicial error in affirming the hearing officer's holding that Dr. Cunningham's report was competent and credible evidence that was binding and conclusive.
3. The trial court committed prejudicial error in affirming the hearing officer's holding that two independent medical reviews could be obtained on the same issue.
4. The trial court committed prejudicial error in denying appellant's motion to reopen the record to submit additional evidence, or in the alternative to remand the matter to allow the taking of additional evidence, or in the alternative to file a supplemental memorandum.
 {¶ 3} Appellant filed a notice of appeal of the state of Ohio's denial of her claim for extended disability benefits resulting in an administrative hearing which was held before a hearing officer of DAS on April 29, 2002, during which evidence and testimony was presented. The record was held open until June 21, 2002, for appellant to submit additional evidence. Appellant submitted additional evidence prior thereto. Thereafter, on July 12, 2002, the hearing officer obtained an additional third-party review from Dr. James Powers, who reviewed the file of appellant and produced a report which was relied upon by the hearing officer. On October 4, 2002, the hearing officer issued a report and recommendation that upheld the denial of disability benefits to appellant. Appellant filed written objections on or about October 11, 2002. On December 17, 2002, DAS issued an adjudication order which upheld the report and recommendation of the hearing officer.
 {¶ 4} On December 27, 2002, pursuant to R.C. Chapter 119.12, appellant filed a timely appeal to the Franklin County Court of Common Pleas. On June 6, 2003, appellant filed a motion to open the record to submit additional evidence, or, in the alternative, to remand the matter to allow the taking of additional evidence, or, in the alternative, to file a supplemental memorandum. On August 12, 2003, the trial court overruled appellant's motion. After briefing, the trial court issued its decision affirming the hearing officer's denial of appellant's application for disability benefits beyond April 14, 2001.
 {¶ 5} Appellant was employed by the Department of Mental Health, Twin Valley Psychiatric System, as a telephone 1 operator. On April 21, 2000, appellant was involved in an automobile accident on her way to work. After the accident, she continued to work. Because of recurrent pain, appellant had back surgery on January 23, 2001. Appellant then filed a disability application which stated that appellant had been diagnosed with "spiniolosis . . . with degenerative changes, chronic spine pain and lumbar sprain strain." She served a waiting period from January 23 through February 5, 2001. Disability benefits were approved from February 6 through 12, 2001. Appellant then filed an application for extension of disability benefits which was denied for insufficient medical evidence to establish that she was disabled; however, upon receipt of additional medical documents, the third-party physician approved disability benefits through April 14, 2001.
 {¶ 6} On April 30, 2001, appellant requested another extension of her disability benefits which DAS denied on May 10, 2001. Appellant appealed the denial and submitted additional medical documentation on May 20, 2001. Her disability claim file was then sent to a third-party physician, Dr. John Cunningham, for review. Dr. Cunningham did not find objective medical documentation to support a finding that appellant was disabled.
 {¶ 7} After the administrative hearing had been continued numerous times at appellant's request, DAS received additional medical documentation from appellant on October 12, 2002. DAS then scheduled appellant for an independent medical exam with Dr. Cunningham. Dr. Cunningham conducted an independent medical exam of appellant and reviewed her entire disability file, finding that there was no objective or subjective medical evidence that prevented her from being fully employed.
 {¶ 8} The administrative hearing was held on April 29, 2002. At appellant's request, the record was held open until June 21, 2002, to allow her to submit additional medical documentation. Appellant did submit additional medical documents to DAS, which was submitted to Dr. Powers to conduct a second independent medical review. Dr. Powers reviewed the entire file, including the additional medical documents. On June 12, 2002, Dr. Powers notified DAS that he found no objective evidence to support disability benefits for appellant after April 14, 2001.
 {¶ 9} As previously stated, appellant appealed to the Franklin County Court of Common Pleas, pursuant to R.C. § 119.12, which found that the agency's decision was supported by reliable, probative and substantial evidence that was in accordance with law.
 {¶ 10} On appeal to this court, our standard of review is whether the common pleas court abused its discretion in upholding the agency's order. Angelkovski v. Buckeye Potato Chips Co.
(1983), 11 Ohio App.3d 159. An abuse of discretion connotes more than an error of judgment but one which is without reasonable basis and is clearly wrong. Lorain Cty. School Bd. of Edn. v.State Emp. Relations Bd. (1988), 40 Ohio St.3d 257.
 {¶ 11} Appellant's first three assignments of error are combined as they are all related to the issue of whether the common pleas court abused its discretion in finding that DAS properly held that the opinions of Drs. Powers and Cunningham were binding on appellant.
 {¶ 12} The first issue is whether the trial court abused its discretion in affirming the hearing officer's denial of appellant's right to cross-examine Dr. Powers, the physician who conducted the second independent third-party medical review and whose testimony is binding and conclusive.
 {¶ 13} The hearing of April 29, 2002 was rather brief. Each party called only one witness. The witness for DAS, Linda M. Humphrey, was employed as Benefits Management Representative for DAS whose duty is to examine disability claim files and applications received from state of Ohio employees. As a result of information in the file, she testified that DAS denied appellant's claim for disability benefits after April 14, 2001, as they were required to do because the independent review of Dr. Cunningham is binding on both parties. Dr. Cunningham's opinion was that appellant was not disabled from performing her job duties. The report of Dr. Cunningham, a deposition of Dr. Cunningham taken by appellee, and appellant's job description were submitted as evidence.
 {¶ 14} At the hearing, appellant testified that she was unable to perform the duties of her position because of pain and disability from her injury in an automobile accident. She further testified that she was being treated by physicians who so advised her. Reports of her attending physicians are in the file.
 {¶ 15} At the end of the hearing, appellant requested additional time to present further medical testimony. The hearing officer granted leave to appellant to supplement the record with further medical information. The hearing officer stated that, upon receipt of that information, it may be necessary to have another third-party review. Appellant's attorney responded that, if the hearing officer ordered another third-party review and the third-party reviewer issued a report, he wanted an opportunity to cross-examine the doctor, which he may not exercise depending on the result of the review. After further discussion, the hearing officer said that appellant did not have the right to cross-examine but that he would consider that request at the appropriate time.
 {¶ 16} The first issue in regard to assignment of error number one, the hearing officer's denial of appellant's right to cross-examine Dr. Powers, the second third-party medical reviewer, is whether it was an abuse of discretion for the hearing officer to order a second third-party review. It was not an abuse of discretion because the second thirdparty review was to enable the hearing officer to have a third-party medical review based upon all of the evidence. Since additional evidence was submitted by appellant after the first third-party review, it was proper and even potentially favorable to appellant to have a second third-party review, particularly when it is kept in mind that the first third-party reviewer rendered an opinion unfavorable to appellant.
 {¶ 17} The hearing officer had the discretion to order a second third-party medical review under the circumstances of this case without appellant's approval. This is not a case where DAS was shopping for a favorable opinion. There was no violation of constitutional rights because cross-examination of a witness is not required for due process in administrative actions to the same extent as in criminal court actions.
Testimony is often produced by affidavit with no opportunity for cross-examination which is allowed on a more limited basis than in court trials as provided by statute. There is no statutory mandate for allowing the right of cross-examination by appellant after evidence is adduced from someone other than a live witness. The hearing examiner did not abuse his discretion in denying the request which was conditionally made when the hearing examiner granted appellant's motion to submit additional evidence and stated that an additional medical review would be obtained.
 {¶ 18} The second issue is whether the hearing officer and the common pleas court erred in holding that appellant did not have a right to cross-examine Dr. Powers. We find that there was no abuse of discretion in proceeding without allowing an opportunity for cross-examination. Both parties had submitted all of their evidence. As is common in an administrative hearing, part of the evidence was submitted by affidavit or written report rather than by live testimony. Appellant knew that the hearing record would be left open only until June 12, 2002, and that the additional medical documents would be sent to a third-party physician for the second independent review. The hearing officer stated that he would address the issue of cross-examination of the third-party reviewer if it arose. There was no specific request to keep the hearing record open until appellant had reviewed Dr. Powers report nor was there a request that the hearing be reopened. It may be presumed that the hearing officer exercised his discretion to deny the request of appellant to cross-examine Dr. Powers before issuing his decisions and there was no abuse of discretion in doing so.
 {¶ 19} Appellant further contends that the trial court committed prejudicial error in affirming the hearing officer's holding that Dr. Cunningham's report was competent and credible evidence that was binding and conclusive. By virtue of a collective bargaining agreement, pursuant to R.C. 124.385 and Ohio Adm. Code 123:5-33-12(C), the opinion of a third-party medical reviewer is binding and conclusive on both parties. Dr. Cunningham, both in his report and in his deposition, opined that appellant was not disabled. Dr. Cunningham was provided with the physical requirements of appellant's position of a telephone operator. Appellant claims that Dr. Cunningham's opinion was fatally destroyed by virtue of some ambiguity in Dr. Cunningham's deposition about the nature of her duties in regard to her physical limitations outlined by claimant's attending physician with which Dr. Cunningham concurred. While the deposition is somewhat ambiguous in this respect, it was not fatally so, particularly in light of evidence from appellant's experts which appellant provided in her supplementation. Ultimately, however, it was Dr. Powers' report upon which DAS relied and Dr. Powers had reviewed all of the reports and information, and taken into consideration the physical requirements of appellant's job.
 {¶ 20} Appellant's first, second and third assignments of error are overruled.
 {¶ 21} In appellant's fourth assignment of error, she contends that the common pleas court abused its discretion in denying her motion to submit additional evidence, or remand for additional evidence before DAS or to file a supplemental memorandum.
 {¶ 22} This assignment of error is overruled, as there was no error on the part of the common pleas court in denying these requests. Pursuant to R.C. 119.12, the court is confined to the record as certified by the agency unless satisfied that the additional evidence is newly discovered and could not, with reasonable diligence, been ascertained prior to the hearing before the agency. While the submitted evidence was newly created, it was not newly discovered and could have been produced with due diligence at the hearing before DAS. See DiversifiedBenefit Plans Agency, Inc. v. Duryee (1995),101 Ohio App.3d 495.
 {¶ 23} The common pleas court also did not abuse its discretion in denying appellant's request for a remand to DAS for another opportunity to submit additional evidence. DAS had already granted one such request.
 {¶ 24} DAS is not judicially estopped from denying disability benefits by the results of an action between appellant and the state personnel board of review which was litigated after the DAS order contested herein.
 {¶ 25} The common pleas court did not abuse its discretion in denying appellant's request to file a supplemental memorandum.
 {¶ 26} Appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Klatt, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.