**BOTTOMS UP, INC., Appellee,**

v.

**LIQUOR CONTROL COMMISSION, Appellant.**

[Cite as *Bottoms Up, Inc. v. Liquor Control Comm.* (1991), 72 Ohio App.3d 726.]

Court of Appeals of Ohio,
Summit County.

No. 14777.

Decided Feb. 27, 1991.

*Chris Manos,* for appellee.

*Lee I. Fisher,* Attorney General, and *Kurt O. Gearhiser,* Assistant Attorney General, for appellant.

CACIOPPO, Presiding Judge.

The case at bar arises out of an incident that occurred on October 13, 1988. On that date, two plainclothes police officers of the Akron Police Department entered Bottoms Up, a bar that featured female dancers. It was alleged that while the officers were in the establishment, they observed a patron placing money into the bikini bottom of a dancer, and that they each placed a dollar bill into the bikini top of the dancer. It was also alleged that the dancer rubbed her buttocks on the legs of one of the officers.

As a result of the incident, Bottoms Up, Inc. was charged by the Department of Liquor Control for two violations of Ohio Adm.Code 4301:1-1-52, specifically in that the bar, its management, or employees (1) permitted a female to expose her breasts and (2) allowed patrons to touch and/or fondle the breasts and/or pubic area and/or buttocks of a female.

A hearing on these violations was conducted before the Liquor Control Commission on April 3, 1989. One of the officers, the dancer and the manager of the bar testified. The Liquor Control Commission found Bottoms Up in violation of Ohio Adm.Code 4301:1-1-52 and gave Bottoms Up the option of a one-week suspension of its liquor license or a $1,400 fine. Bottoms Up appealed the Liquor Control Commission decision to the Summit County Common Pleas Court pursuant to R.C. 119.12. The trial court reversed the commission's order. The commission appeals, asserting one assignment of error. We reverse.

### Assignment of Error

"The Summit County Common Pleas Court erred in its interpretation of Ohio Revised Code 119.12 when it reversed the order of the Liquor Control Commission. The court abused its discretion when it found the Liquor Control Commission [*sic*] was not supported by reliable, probative and substantial evidence and was not in accordance with law."

The appellant contends that the trial court abused its discretion in finding that the order of the Liquor Control Commission was not supported by reliable, probative and substantial evidence.

The standard of review under R.C. 119.12 allows a common pleas court to reverse, vacate or modify the order of an agency, unless it finds that it is supported by reliable, probative and substantial evidence and is in accordance with the law. *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 279, 58 O.O. 51, 53, 131 N.E.2d 390, 393. R.C. 119.12 further confers upon the court of appeals appellate jurisdiction over administrative appeals taken by a state agency from decisions of the trial court in questions of law relating to the constitutionality, construction, or interpretation of state statutes and the rules of the agency. *Painesville Raceway, Inc. v. Dept. of Liquor Control* (1980), 70 Ohio App.2d 219, 224, 24 O.O.3d 298, 301, 436 N.E.2d 543, 546. In undertaking the review of a common pleas determination of this nature, an appellate court should use an abuse of discretion standard. See *Graham v. Wooster City School Dist. Bd. of Edn.* (May 20, 1987), Wayne App. No. 2193, unreported, 1987 WL 11529; *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 266–267.

In the case *sub judice*, the judgment entry of the trial court vacillates between varying standards of review. The trial court's judgment entry states:

" * * * the Order of the Liquor Control Commission * * * is not supported by reliable evidence, does not support the suspension ordered and is not in accordance with the law. Further said order is not supported by the manifest weight of the evidence.

"The Order of the Liquor Control Commission * * * is therefore reversed, vacated, and held for naught as being unsupported by reliable, probative, and substantial evidence."

It is clear that R.C. 119.12 does not provide for a manifest-weight standard in administrative appeals.

Ohio Adm.Code 4301:1–1–52, the section upon which the two violations were premised, provides:

"No permit holder, his agent, or employee shall knowingly or willfully allow in, upon or about his licensed premises improper conduct of any kind, type or character; any improper disturbances, lewd, immoral activities or brawls; or any indecent, profane or obscene language, songs, entertainment, literature, pictures, or advertising materials; nor shall any entertainment consisting of the spoken language or songs which can or may convey either directly or by

implication an immoral meaning be permitted in, upon or about the permit premises.

"Entertainment consisting of dancing, either solo or otherwise, which may or can, either directly or by implication, suggest an immoral act is prohibited. Nor shall any permit holder, his agent, or employee possess or cause to have printed or distributed any lewd, immoral, indecent, or obscene literature, pictures or advertising material."

In reviewing a violation of Ohio Adm.Code 4301:1-1-52, we are not concerned with the general standards applied to a variety of places of entertainment or amusement involving social mores or community social levels, but the application of a regulatory measure as to the conduct of a permit holder in the operation of his business. *Crouse v. Ohio Liquor Control Comm.* (Jan. 12, 1965), Franklin App. No. 7669, unreported. In *Willies Joint Venture v. Liquor Control Comm.* (June 27, 1985), Franklin App. No. 85AP-156, unreported, the Franklin County Court of Appeals affirmed the lower courts determination that conduct similar to that in this case constituted physical contact in violation of Ohio Adm.Code 4301:1-1-52. We see no reason to distinguish this case from *Willies Joint Venture.*

In the hearing before the commission, a police officer testified:

" * * * She was dancing there and she pulled her bottoms out and the patron put his hands down inside her pants and let the dollar go and she started dancing back over. Then she danced over to Detective Warren which he had folded a dollar bill lengthwise. He put the dollar bill down her top by her nipple.

" * * *

" * * * she danced over to me where I was sitting next to Detective Warren and basically the same thing happened. I had the dollar bill in my hand and put it in her top on her breast and then let it go. She kind of rubbed her buttocks all over my legs and danced off. * * *"

The dancer in question further testified:

" * * * As far as my butt rubbing him, I bump into stuff often with my hips so I could have done that. But there is no way that I exposed myself.

" * * *

"Q. Did you ever rub against him as he said in his statement?

"A. No, to me the whole statement is false. Possibly with the butt that very well could be. The whole statement is false. * * *"

Based upon this testimony and the trial court's inability to properly articulate the applicable standard of review, we believe that the trial court abused

its discretion in failing to uphold the order of the commission. In administrative appeals, the common pleas court, acting as a court of appeals, may not substitute its judgment for that of an agency, especially on questions of administrative expertise. *Dudukovich v. Housing Authority* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201, 389 N.E.2d 1113, 1117. In the case *sub judice*, it is apparent that the trial court did in fact substitute its judgment for that of the Liquor Control Commission, and, in doing so, failed to accord the commission the deference due under R.C. 119.12.

Accordingly, the commission's assignment of error is well taken. The case is reversed and the order of the Liquor Control Commission is reinstated.

*Judgment reversed.*

REECE and VICTOR, JJ., concur.

WILLIAM H. VICTOR, J., retired, of the Ninth Appellate District, sitting by assignment.