JOURNAL ENTRY OPINION
Appellant appeals the trial court's ruling upholding the decision of the State of Ohio Board of Education to revoke appellant's teaching certificate. For the reasons that follow, we affirm.
On January 24, 1995, a Cleveland Police Officer arrested appellant Troy Frazier, a certified teacher, for attempting to purchase crack cocaine. Subsequently indicted for a violation of R.C. 2925.11, Drug Abuse, appellant, on November 20, 1995, entered an Alford plea of guilty to the lesser included offense of attempted drug abuse in violation of R.C. 2923.02, a first degree misdemeanor.[1] The trial court sentenced appellant to the Lorain Correctional Institution for a suspended term of six months.
Appellant was a certificated teacher in the Cleveland Heights-University Heights School District at the time of his arrest and subsequent plea. Pursuant to R.C. 3319.52(B), the prosecutor notified the Board and the school district that appellant was convicted of an offense listed in R.C.3319.31(B)(2)(a)-(f). R.C. 3319.31(B)(2)(e) refers to a drug abuse offense that is not a minor misdemeanor.
Thereafter, appellant received notice that, at a State Board of Education (the "Board") meeting of March 12, 1996, the State Superintendent of Public Instruction of the State of Ohio Department of Education (the "Department") would recommend a resolution of intent to possibly suspend, revoke, or limit his teaching certificate. Following the recommendation to the Board, appellant requested a hearing in accordance with Revised Code Chapter 119. The hearing was conducted on November 20, 1996.
At the hearing, Cleveland Police Officer Todd Clark testified that, on January 24, 1995, he arrested appellant. He observed appellant in his automobile on East 124th Street, south of Buckeye, a known drug area in the district [.]"
Officer Clark and his partner observed a black male lean into the driver's side window of appellant's stopped automobile and show something in his hand to appellant. When Officer Clark began to approach the vehicle, he saw appellant say the word "police" and observed the black male put something into his mouth and walk away.
As appellant exited his vehicle, he dropped rocks of cocaine, leading to the arrest of both appellant and the black male. According to Officer Clark, appellant told him at the scene and again at the booking window that he had come to that corner to purchase crack. Appellant was also initially reluctant to reveal the name of his employer.
Officer Clark was not clear about the date and time of the incident and could not recall whether the black male, later identified as Gary Green, had any money in his possession or what he was wearing. The officer admitted that the incident occurred near an area known as Shaker Square and that appellant lived on the other side of the Square.
Appellant testified that the day of the arrest was Superbowl Sunday and he was in the Buckeye area, approximately one mile from his home, running errands because he planned to have friends over to watch the football game. He was driving on East 124th
Street when he saw a young man wearing a Cleveland Heights sweatshirt who stepped into the road and waved at appellant. The male approached on the passenger side and asked if he could rent his automobile. Appellant responded "no," and the male then placed his hand into the vehicle and asked him whether he wanted to "buy some dope." Appellant responded "no" and then heard sirens and "basically just froze." The male threw the crack cocaine into his automobile.
There were notable differences between the versions told by the officer and by appellant. Appellant testified the black male leaned into the passenger side of his vehicle; the officer reported it was the driver's side. Appellant also claimed that he willingly stepped out of the vehicle and the officer's search uncovered only his wallet (the two pieces of crack cocaine were found in his vehicle), while Officer Clark testified appellant had attempted to drive away and had the rocks in his hand. Finally, appellant denied that he said the word "police" as the officer had claimed.
Appellant entered an Alford plea which, he had learned, would allow him to maintain his innocence yet plead guilty to a lesser charge because he was getting ready to be married and planned to buy his first home and wanted to avoid further financial burden and to also avoid the possibility of prison time.
Linda Koenig, the Executive Director of Human Resources for the school district testified that when she learned of appellant's conviction, she removed him from the classroom and assigned him to the stockroom until they could figure out what they were going to do. He was later placed on unpaid leave. She believed that a conviction of a drug crime was conduct unbecoming of a teacher.
Appellant produced several witnesses who testified regarding his standing in the school community. Several teachers and parents stated that appellant had a very good reputation as a teacher and had an excellent rapport with his students. In addition, appellant's criminal attorney testified via videotape that appellant maintained his innocence throughout the proceedings and did not exhibit any of the characteristics of a drug user.
Following the conclusion of the hearing, both parties submitted closing briefs. Thereafter, the referee issued a report and recommendation wherein he concluded that upon the evidence presented, appellant's teaching certificate should be revoked. Appellant filed objections to the report. The Board, at its meeting on June 9, 1997, revoked appellant's teaching certificate.
Pursuant to R.C. 119.12, appellant filed his appeal with the Cuyahoga County Court of Common Pleas. The lower court denied appellant's appeal. Appellant timely filed his Notice of Appeal with this court.
Appellant's first assignment of error states:
 THE ORDER OF THE STATE BOARD OF EDUCATION IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND IS NOT IN ACCORDANCE WITH LAW BECAUSE OF THE IMPROPER RELIANCE BY THE HEARING OFFICER ON FACTS NOT IN THE RECORD AND ON ERRONEOUS FINDINGS OF FACTS AND CONCLUSIONS OF LAW, AND BECAUSE OF INFERENCES WHICH THE HEARING OFFICER IMPROPERLY DREW IN LIGHT OF THE EVIDENCE BEFORE HIM.
R.C. 119.12 provides, in pertinent part:
* * *
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
 The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.
This court approved the pronouncement of the court in BenefitPlans Agency, Inc. v. Duryee (1995), 101 Ohio App.3d 495, which clarified the standards of review in both this court and the trial court on an appeal brought pursuant to R.C. 119.12. In reSenders (1996), 110 Ohio App.3d 199, 203.
 When reviewing an order of an administrative agency, a common pleas court acts in a "limited appellate capacity." Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835, 838. In reviewing an order of an administrative agency pursuant to R.C. 119.12, the common pleas court is bound to affirm the agency's order "if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750. See, also, Bottoms Up, Inc. v. Ohio Liquor Control Comm. (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475, 476. The common pleas court "`must give due deference to the administrative resolution of evidentiary conflicts'" and therefore must not substitute its judgment for that of the administrative agency. Hawkins v. Marion Corr. Inst. (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724, quoting Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267.
 An appellate court's review of the trial court's decision is even more limited and requires the appellate court "to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency." Pons, 66 Ohio St.3d at 621, 614 N.E.2d at 750-751. Where the common pleas court applies a standard of review greater than that called for in R.C. 119.12, the trial court has abused its discretion. Bottoms Up, Inc., 72 Ohio App. 3d at 729-730, 596 N.E.2d at 476-477.
Benefit Plans at 499.
Thus, the lower court's role is limited to a determination of whether there was "reliable, probative, and substantial evidence" to support the agency's determination, giving deference to the agency's resolution of any evidentiary conflicts. On an appeal from the trial court's decision, this court may then review the ruling only to determine whether the trial court abused its discretion. An "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g.,Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In his first assignment of error, appellant alleges the hearing officer improperly went outside of the record on several occasions. For example, the hearing officer found appellant's contention incredulous that he was unaware that the Buckeye area was a high drug area given the "change in landscape and ambiance from Mr. Frazier's neighborhood to Mr. Green's neighborhood[.]" The hearing officer also stated that appellant claimed he was employed by Euclid High School, which is not supported by the record.
In addition, appellant claims the hearing officer improperly credited Officer Clark due to the information he had placed in his report, although the report was not submitted as evidence nor was any testimony produced regarding the contents of the report. Finally, appellant alleges the hearing officer improperly ignored Officer Clark's uncertainties regarding the accurate date and time of the incident, the method of transport to the police station for Mr. Green, what Mr. Green was wearing and whether Mr. Green had money on his person at the time of his arrest.
It is appellant's position that the Board's order was not supported by reliable, probative and substantial evidence because, based on the hearing officer's improper consideration of facts outside of the record, appellant's testimony was discounted while Officer Clark's statements were believed. Appellant argues that the hearing officer acted improperly when he believed Officer Clark rather than appellant on "impermissible bases."
However, the lower court is not required to review the referee's findings and evaluate every statement to determine what gave rise to the hearing officer's conclusions. Its sole duty is to ascertain whether there was sufficient evidence in the record to support the Board's ultimate decision. The record of appellant's conviction for a drug offense as well as Officer Clark's testimony provided substantial evidence upon which the Board could have based its decision.
As noted above, the lower court "is bound to affirm the agency's order" when that order is "`supported by reliable, probative, and substantial evidence, and is in accordance with the law.'" Benefit Plans, citing Pons. Furthermore, it is not relevant whether the trial court would have reached the same conclusion as the Board. The trial court may not substitute its judgment for that of the agency but must instead give deference to the agency's findings where an evidentiary conflict exists. See Benefit Plans.
The lower court did not abuse its discretion when it upheld the Board's decision to revoke appellant's teaching license.
Appellant's second assignment of error states:
 THE ORDER OF THE STATE BOARD OF EDUCATION IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND IS NOT IN ACCORDANCE WITH LAW BECAUSE THE HEARING OFFICER AND THE BOARD IMPROPERLY REFUSED TO CONSIDER SUBSTANTIAL MITIGATING EVIDENCE.
Appellant next alleges that the hearing officer and the Board improperly ignored appellant's protestations of innocence and the statements of many of his colleagues and parents of his students who testified regarding appellant's character and reputation.
Appellant maintains that the hearing officer refused to recognize that he invoked the Alford plea and improperly penalized him. The Alford plea has been used for purposes of determining the validity of a guilty plea when the defendant insists on his innocence — whether the plea represents a voluntary and intelligent choice among the alternatives that are available. Alford, supra. The claim of innocence does not, however, alter the fact that a guilty plea has been entered.
In pertinent part, R.C. 3319.31 provides:
 (B) For any of the following reasons, the state board of education, in accordance with Chapter 119 and section 3319.311 of the Revised Code, may refuse to issue a license to an applicant, may limit a license it issues to an applicant, or may suspend, revoke, or limit a license that has been issued to any person:
* * *
 (2) A plea of guilty to, a finding of guilt by a jury or court of, or a conviction of any of the following:
* * *
 (e) A drug abuse offense, as defined in section 2925.01 of the Revised Code, that is not a minor misdemeanor; * * *
Appellant pled guilty to a drug offense, which resulted in his conviction.
In spite of appellant's protestations of innocence and the belief in his abilities of his colleagues and the parents of his students, he nevertheless has been convicted of a drug offense. Therefore, his license may be revoked under R.C.3319.31(B)(2)(e). The Board's conclusion was supported by reliable, probative, and substantial evidence and is in accordance with the law. The trial court did not abuse its discretion when it affirmed the Board's order.
Appellant's final assignment of error states:
 THE ORDER OF THE STATE BOARD OF EDUCATION IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND IS NOT IN ACCORDANCE WITH LAW BECAUSE THE BOARD IMPROPERLY REFUSED TO PERMIT APPELLANT, HIS ATTORNEY AND OTHERS TO APPEAR AND OFFER EVIDENCE PRIOR TO THE BOARD'S VOTE ON WHETHER TO ACCEPT THE RECOMMENDATIONS OF THE HEARING OFFICER, IN VIOLATION OF APPELLANT'S STATUTORY 
CONSTITUTIONAL RIGHTS.
In his final assignment of error, appellant argues that the Board acted illegally when it refused to allow testimony regarding the availability of drug testing in his school district at the executive session, which culminated in the revocation of his license.
Following the issuance of the referee's report and recommendation, appellant was informed that the Board would consider the revocation of his license at its meeting on June 9, 1997. By letter from the Department, dated May 19, 1997, appellant was informed that participants in an administrative hearing under Chapter 119 would not be permitted to speak during the public participation portion. Therefore, neither appellant nor his attorney was permitted to address the Board. In addition, at the meeting, a witness whom appellant anticipated would testify regarding drug testing availability in the district was not permitted to speak.
Appellant contends the Board's policy violated R.C. 119.09 as well as the Sunshine Act, R.C. 121.22. The portion of R.C. 119.12
upon which appellant relies states:
 The agency may order additional testimony to be taken or permit the introduction of further documentary evidence. The recommendation of the referee or examiner may be approved, modified, or disapproved by the agency, and the order of the agency based on such report, recommendation, transcript of testimony and evidence, or objections of the parties, and additional testimony and evidence shall have the same effect as if such hearing had been conducted by the agency. * * *
There is no requirement that additional evidence must be taken; the statute provides only that the agency may permit additional testimony. Moreover, the evidence indicates that appellant did have the opportunity to fully present his case: to testify, to present witnesses, to conduct depositions, and to cross-examine the Board's witnesses. Appellant has failed to demonstrate a violation of R.C. 119.12.
Appellant also alleges that the Sunshine Act was violated. R.C.122.21, which provides for meetings of public bodies, requires that, unless the subject matter is specifically excepted by law, public officials should take official action and conduct all deliberations upon official business only in open meetings.[2]
However, the Board's meeting was a meeting open to the public; there is no contention to the contrary. Thus, R.C. 122.21 was not violated.
Finally, appellant vaguely contends that his constitutional rights were violated, yet he offers no specific argument in this regard. As noted above, appellant's due process rights were fully complied with. Appellant had his opportunity to address the Board and to fully present his case at the adjudicatory hearing on November 20, 1996. There is no requirement that appellant be allowed to subsequently address the Board prior to its vote. Appellant's final assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and LEO M. SPELLACY, J. CONCUR.
 ________________ JUDGE KENNETH A. ROCCO
[1] Pursuant to North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162, a criminal defendant may plead guilty to a charge even though he believes himself to be innocent. See e.g., State v. Berry (1997), 80 Ohio St.3d 371,384.
[2] A "public body" is defined in R.C. 121.22(B)(1)(a) as "[a]ny board, commission, committee, council, or similar decision-making body of a state agency, institution, or authority, and any legislative authority or board, commission, committee, council, agency, authority, or similar decision-making body of any county, township, municipal corporation, school district, or other political subdivision or local public institution [.]"