[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Plaintiff-appellant, George E. Parsons, Ph.D., appeals the judgment of the Hamilton County Court of Common Pleas upholding the suspension of Parsons's license to practice psychology in this state for thirty days by defendant-appellee, the State Board of Psychology ("Board").[1] The suspension was based upon the Board's finding that Parsons had failed to disclose a prior suspension by the Board on an application to provide services to the Ohio Bureau of Worker's Compensation, in violation of Ohio Adm. Code 4732-17-01. We affirm the trial court's judgment.
When reviewing an order of an administrative agency, a common pleas court acts in a "limited appellate capacity."[2] In reviewing an order of an administrative agency pursuant to R.C.119.12, the common pleas court is bound to affirm the agency's order "if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law."[3] The common pleas court "`must give due deference to the administrative resolution of evidentiary conflicts" and therefore must not substitute its judgment for that of the administrative agency.[4]
An appellate court's review of the trial court's decision is even more limited and requires the appellate court to determine only if the lower court has abused its discretion.[5] An abuse of discretion is more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[6]
Parsons advances three assignments of error in support of his appeal. In his first assignment of error, Parsons argues that the Board erred in finding that it was a "professional organization" within the meaning of the Bureau of Worker's Compensation application, which required Parsons to disclose if he had been disciplined by "any state or local medical society, state board of medical examiners or any other professional organization." In his second assignment of error, Parsons maintains that the Board erred by finding that his submission of the application constituted an activity related to the practice of psychology under Ohio law. In his third and final assignment of error, Parsons contends that the trial court erred in affirming the Board's determination that he had violated Ohio Adm. Code 4732-17-01, because there was no finding that Parsons had committed fraud, misrepresentation or deception in submitting the application and no evidence to support such a finding.[7]
Parsons failed to assert the issues raised by the first assignment of error before the Board. Because those matters may not be raised for the first time on appeal, they are waived.[8] As for the second assignment of error, the phrase "any other activityrelated to the practice of psychology"[9] is certainly broad enough to encompass the submission of an application to be on the provider list for the Bureau of Worker's Compensation. Accordingly, the first and second assignments of error are overruled.
We also find no merit in the third assignment of error. It was Parsons's position before the Board that his failure to notify the Bureau of Worker's Compensation of the prior suspension was an "honest mistake" and that he had therefore not engaged in fraud, misrepresentation or deception.
Parsons first argues that the Board did not make a finding of fraud, misrepresentation, or deception. This argument is without merit. The Board found that Parsons had violated Ohio Adm. Code4732-17-01(I) (2), which proscribes such misconduct. Thus, the Board's holding implicitly included a finding that Parsons had been guilty of fraud, misrepresentation, or deception.
Parsons's next argument is that any finding of fraud, misrepresentation, or deception would be contrary to the evidence. Our review of the record convinces us that the Board's decision is supported by reliable, probative and substantial evidence and is accordance with the law. The evidence before the Board indicated that Parsons was aware of the prior suspension, yet signed the application indicating that no prior disciplinary action had occurred. Though Parsons testified that the negative answer on the application was an oversight or a clerical error, it was within the Board's discretion to disbelieve that testimony. We therefore hold that the lower court did not abuse its discretion in upholding the decision of the Board. Accordingly, the third assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] The Board ordered the suspension stayed on the condition that Parsons not violate the laws or rules applicable to the practice of psychology for a period of five years.
[2] Univ. Hosp., Univ. of Cincinnati College of Medicine v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835,838.
[3] Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,614 N.E.2d 748, 750. See, also, Bottoms Up, Inc. v. Ohio LiquorControl Comm. (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475,476.
[4] Hawkins v. Marion Corr. Inst. (1990), 62 Ohio App.3d 863, 870,577 N.E.2d 720, 724, quoting Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111, 407 N.E.2d 1265, 1267.
[5] Pons, supra, at 621, 614 N.E.2d at 750-751.
[6] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[7] Ohio Adm. Code 4732-17-01(I) (2) provides generally that a psychologist shall not use fraud, misrepresentation, or deception in any activity related to the practice of psychology.
[8] State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus.
[9] Ohio Adm. Code 4732-17-01(I) (2) (emphasis added).