JOURNAL ENTRY AND OPINION
Appellant Debra L. Harris appeals from the order of the trial court affirming the decision of the State Board of Education revoking appellant's teaching certificate for falsification in her renewal application. Appellant failed to disclose felonies of welfare theft for which she had been convicted in 1989. Appellant contends the trial court erred in finding the Board's decision was supported by sufficient evidence, was not contrary to law and a lesser sanction was not called for. We find no error and affirm.
The following facts appear from the transcript of the hearing before the State Board of Education. Appellant Harris was on welfare for some time until 1984. In the early 1980s, she completed a two-year associates degree program. In 1984, she was certified by the State Department of Education to teach vocational education (how to make eye glasses) in the public schools. She was hired by the Cleveland Public School System beginning in September 1984.
Prior to her employment by the Cleveland Public Schools, she had been receiving ADC benefits and food stamps. When she was hired, Ms. Harris claims she notified the Ohio Department of Human Services. According to Ms. Harris, her caseworker told her she should give the job ninety days, and if the Department did not hear from her, she would be taken off public assistance at the end of December 1984. The benefits did, in fact, cease after December 1984.
However, in 1989, Ms. Harris was indicted for one count of theft, and one of food stamp trafficking, both felonies of the fourth degree at that time arising out of her receipt of $681 in ADC benefits to which she was not entitled, and $431 in food stamps. She pled guilty to the offenses as charged. She claimed her attorney threatened her to plead; that she had no knowledge of the distinctions between felonies and misdemeanors; and that because she received probation, she thought the case was over when she completed paying her fine and making restitution.
After obtaining one extension of her probation because she was slow in paying the ordered restitution, Ms. Harris was released by the court from probation after making restitution. Although this offense was expungeable, Ms. Harris knew nothing about the expungement process, and therefore did not proceed immediately to get her record expunged. At the time of the hearing before the Board, her expungement application was pending.
When a teacher is convicted of or pleads guilty or no contest to a felony, the County Prosecutor's Office is required to file a report with the State on pre-printed forms, but no such report was filed by the Cuyahoga County Prosecutor's Office until March 27, 1998, after Ms. Harris's previous felony conviction and employment by the Cleveland School System was reported in a series of articles in an expose by the Cleveland Plain Dealer.
Following the newspaper reports about Cleveland Public School teachers with felony records, the State Board adopted a resolution on May 13, 1998, in which it declared its intent to consider the suspension, revocation, or limitation of any and all teaching certificates of Ms. Harris, who had been a certified teacher in the Cleveland Public Schools since 1984. Ms. Harris requested a hearing and the hearing was held in Columbus before a hearing officer appointed by the Ohio Department of Education on July 24, 1998.
On September 18, 1998, the hearing officer issued a report and recommendation in which he recommended the revocation of Ms. Harris's teaching certificate. Timely objections to the report and recommendation were filed by Ms. Harris. On October 13, 1998, the State Board met and voted to approve said report and the recommendation to revoke Ms. Harris's certification.
Ms. Harris filed an appeal to the trial court which considered the record made before the State Board. On February 18, 1999, the trial court affirmed the Board's decision. This timely appeal ensued.
Appellant's sole assignment of error states as follows:
 I. THE TRIAL COURT ERRED IN AFFIRMING APPELLEE'S REVOCATION OF APPELLANT'S TEACHING CERTIFICATE, AS THE REVOCATION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE, AND WAS CONTRARY TO LAW, WITH THE FACTS AND LAW MANDATING A LESSER SANCTION THAN REVOCATION.
The standards of review in both the trial court and this Court on an R.C. 119.12 administrative appeal are set forth inDiversified Benefit Plans Agency, Inc. v. Duryee (1995),101 Ohio App.3d 495, 499:
 When reviewing an order of an administrative agency, a common pleas court acts in a "limited appellate capacity." Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835, 838. In reviewing an order of an administrative agency pursuant to R.C. 119.12, the common pleas court is bound to affirm the agency's order "if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750. See, also, Bottoms Up, Inc. v. Ohio Liquor Control Comm. (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475, 476. The common pleas court "`must give due deference to the administrative resolution of evidentiary conflicts'" and therefore must not substitute its judgment for that of the administrative agency. Hawkins v. Marion Corr. Inst. (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724, quoting Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267.
 An appellate court's review of the trial court's decision is even more limited and requires the appellate court "to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency." Pons, 66 Ohio St.3d at 621, 614 N.E.2d at 750-751. Where the common pleas court applies a standard of review greater than that called for in R.C. 119.12, the trial court has abused its discretion. Bottoms Up, Inc., 72 Ohio App.3d at 729-730, 596 N.E.2d at 476-477.
In this case, we find the trial court did not abuse its discretion in concluding that the State Board's revocation of Ms. Harris's certification was supported by reliable, probative and substantial evidence and was in accordance with law.
R.C. 3319.31(B)(2)(a) and (d) specifically authorize the State Board to suspend, revoke or limit the teaching certificate of any individual who has been convicted of a felony or a theft offense. Despite Ms. Harris' protestations that she was misled by her case worker, the evidence was undisputed that appellant was convicted of a theft offense under R.C. 2913.02 which involved proceeds of more than $300, constituting a felony. Ms. Harris was also convicted of trafficking in food stamps under R.C. 2913.46, another felony. According to her plea hearing, she pled guilty to these offenses of her own free will upon advice of counsel.
The State Board found that Ms. Harris was clearly aware that she was not entitled to welfare benefits following her school employment. At her sentencing hearing, she admitted keeping the illegal subsidies because she wanted to be sure that her new job was going to be permanent. (Oct. 19, 1989 Tr. at 15). At the administrative hearing before the Board, however, Ms. Harris indicated that she was under the impression that she had a ninety-day grace period to receive benefits before she had to report income to the Department of Human Services. She did not offer that explanation at her criminal proceeding.
The State Board cites appellant's failure on her latest renewal application (October 18, 1994) to indicate her 1989 conviction was yet another example of her dishonesty and lack of integrity. The application filled out by appellant clearly required her to indicate convictions for theft and felonies. At the administrative hearing, she claimed she was unaware that her crimes were felonies or that one of her crimes was a theft offense. Given the record of her plea hearing, the State Board was justified in disregarding appellant's protestations. Defendant's explanation that she was misled by a case worker into believing she had ninety days to receive benefits and then again misled by her criminal counsel and pled to crimes against her will, was not the kind of explanation that was likely to convince the Board of her integrity or rehabilitation.
The hearing officer was responsible for listening to the evidence and determining the credibility of witnesses. After listening to the evidence, the hearing officer determined that appellant's explanation of why she responded "NO" to the question regarding criminal convictions was simply not credible. The State Board also has the responsibility of reviewing the record and making a determination about the credibility of witnesses.
The appellant has not argued that the evidence relied upon by the State Board or the trial court was in any way inaccurate, or that the trial court applied the wrong legal standard in reaching its decision. The essential thrust of appellant's argument is that she did not deserve the penalty she received in light of penalties given to other Cleveland teachers caught up in the same Plain Dealer expose. Appellant Cites the cases of Terry Butler and Laura Banks, where the individuals' licenses were suspended for a definite period of time. However, the State Board is under no obligation to treat all individuals the same. The facts and circumstances of each case must be considered individually. In each case, the credibility of each applicant must be independently weighed, integrity determined and rehabilitation judged. In one case, a hearing officer may decide that a person is capable of rehabilitation based upon the evidence presented and in another instance, the very same officer, upon similar facts, may conclude that the credibility of an applicant is such that a certificate should not be given or should be revoked.
Based on the record before us, we cannot say that the trial court erred in finding that the Board's decision was supported by reliable, probative and substantial evidence.
Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, P.J., and SPELLACY, J., CONCUR.
 _______________________ JAMES M. PORTER, JUDGE