This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Harris Group Home, appeals from the decision of the Summit County Court of Common Pleas, which affirmed the adjudication order of the Ohio Department of Heath denying the renewal of Harris Group Home's adult group home license. We affirm.
 I.
{¶ 2} Willie Mae Harris owns and operates the Harris Group Home, an adult group home, in Akron, Ohio. As an adult group home, the home is regulated by the Ohio Department of Health pursuant to R.C. Chapter 3722 and Ohio Administration Code Chapter 3702-20. On November 22 and 23, 1999, the Ohio Department of Health ("ODH") conducted an unannounced survey of the home and cited several violations of the Ohio Revised Code and the Ohio Administrative Code. On December 10, 1999, the home was notified that ODH proposed to revoke the home's license based upon the violations noted. On February 8, 2000, ODH revised its proposal to revoke the license to include, as part of the reason for the revocation, that the home's agreement with an affiliating mental health agency had been terminated by the agency. ODH then amended the proposed action to an action for nonrenewal of the license because the license had expired.
{¶ 3} A hearing on the proposed nonrenewal was held before a hearing officer on January 4, 5, and 17, 2001. The hearing officer issued his report and recommendation on April 9, 2001. The hearing officer concluded that the deficiencies noted at the survey on November 22 and 23, 1999 constituted the following violations of Ohio Adm.Code:3701-20-02(D), interference with an authorized inspection; 3701-20-13, facility management responsibilities; 3701-20-14(B), sufficient staff members; 3701-20-14(L), ongoing training; 3701-20-17(B), provision of personal care services; 3701-20-17(G)(2), repackaging of medications;3701-20-17(G)(5), listing of residents' medications; 3701-20-18(D), annual health assessment of residents; 3701-20-18(C), Mantoux testing;3701-20-19(B), incident reporting; 3701-20-20(F), contamination and spoilage of food; 3701-22-(D)(5), mobility of residents; 3701-20-22(G), maintaining a clean, healthy environment; 3701-20-23(B)(2), treatment of residents with dignity; 3701-20-23(B)(9), right to private communications; 3701-20-23(B)(15), freedom from abuse and exploitation; and 3701-20-23(G), prominent posting of residents' rights. The hearing officer recommended that ODH not renew the adult group home license for the home.
{¶ 4} Appellant filed objections to the report and recommendation of the hearing officer. The director of ODH, after reviewing the report and the home's objections, entered an adjudication order to not renew the home's license. Appellant filed an administrative appeal pursuant to R.C. 119.12 in the Summit County Court of Common Pleas.
{¶ 5} The parties proceeded by way of briefs, and, on February 28, 2002, the trial court affirmed the adjudication order. This appeal followed.
 II. Assignment of Error {¶ 6} "THE COURT OF COMMON PLEAS ERRED BY NOT REVERSING AND VACATING THE ADJUDICATION ORDER OF THE APPELLEE ON THE GROUNDS THAT THE DECISION TO NOT RENEW THE LICENSE OF THE APPELLANT WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND THE DECISION IS NOT IN ACCORDANCE WITH LAW."
{¶ 7} In its sole assignment of error, Appellant challenges the trial court's decision to affirm the adjudication order of ODH. Appellant argues that the trial court erred when it affirmed the agency's decision, because the decision was not supported by reliable, credible and probative evidence. We disagree.
{¶ 8} We begin our discussion by noting the limited standards of review by which the trial court and this Court are bound. R.C. 119.12, which governs administrative appeals of an agency order denying the renewal of a license, provides that the court of common pleas may reverse, vacate, or modify the order unless the order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; Bottoms Up, Inc. v. Liquor Control Comm. (1991),72 Ohio App.3d 726, 728. The Ohio Supreme Court has defined the evidence required by R.C. 119.12 as follows: "(1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." (Citations omitted.) Our Place, Inc. v. OhioLiquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
{¶ 9} Our review of the trial court's judgment is even more limited. "While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. Instead, an appellate court's review is limited to whether the trial court abused its discretion. Id. An abuse of discretion is more than merely an error of judgment; it connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Id. "[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984), 15 Ohio St.3d 164, 222. See, also,Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
{¶ 10} R.C. 3722.05 provides that the director of health may deny, revoke, or refuse to renew the license of an adult care facility if the facility fails to comply with any requirement of R.C. Chapter 3722 or any rule adopted under that Chapter.
{¶ 11} Appellant's argument that the trial court erred in affirming the adjudication order centers around the conflicting testimony presented during the hearing before the ODH hearing officer. Appellant contends that if the evidence presented by ODH was true and the conditions were as poor as the surveyors indicated, then ODH "fumbled the ball badly in its efforts to remove these residents" from the group home and protect them from harm. Appellant argues that the trial court ignored contradictory evidence, its decision was based on incredible evidence, and that the evidence clearly does not support the decision.
{¶ 12} This Court notes that Appellant has failed to set forth a single, legal authority to support its contention that the trial court abused its discretion in affirming the adjudication order of ODH. Moreover, Appellant has failed to provide references to the pertinent parts of the record necessary to this Court's review. Pursuant to App.R. 16(A)(7), an appellant must "demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See, also, Loc.R. 7(A)(7); Loc.R. 7(E).
{¶ 13} Because Appellant has failed to comply with App.R. 16(A)(7) and Loc.R. 7(A)(7) and (E), he has not demonstrated any error by the trial court. Appellant had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. "[I]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at 18. As Appellant did not cite to any legal authority or to any specific portion of the record to support its assignment of error, its assertions cannot be considered as sufficient to carry its burden of proving an abuse of discretion.
{¶ 14} Accordingly, because Appellant has failed to set forth any legal error by the trial court in its sole assignment of error, this Court chooses to disregard it. Therefore, Appellant's assignment of error is overruled.
 III.
{¶ 15} Having overruled Appellant's sole assignment of error, we affirm the judgment of the Summit County Court of Common Pleas.
SLABY, P.J., BATCHELDER, J. CONCUR.