JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Alexandria R. McAdams ("McAdams"), appeals from a judgment of the Common Pleas Court affirming the order of the Ohio Real Estate Commission ("Commission"). Finding no merit to the appeal, we affirm.
 {¶ 2} McAdams, a licensed real estate broker, represented a buyer in a 2002 real estate acquisition. At the time of executing the purchase agreement, McAdams marked the area which indicated that "earnest money paid to Broker, to be deposited in a trust account upon acceptance and credited against the purchase price." The amount to be paid by the buyer was $5,000 in the form of a check. Additionally, McAdams signed the "Deposit receipt" section of the agreement acknowledging receipt of the $5,000 earnest money. The section provided: "DEPOSIT RECEIPT: Receipt is hereby acknowledged, of $5,000 Check ____ Note, earnest money, subject to terms in the above offer." McAdams' signature appeared below this statement.
 {¶ 3} At the time of execution of the purchase agreement and acknowledgment, McAdams had not received the $5,000 check from the buyer. After the sellers signed the purchase agreement and left the premises, the buyer informed McAdams that she did not have her checkbook with her, but that she would provide the check the following day. McAdams never received $5,000 from the buyer; instead, the buyer withdrew her offer to purchase the real estate.
 {¶ 4} A complaint was filed against McAdams with the superintendent of the Ohio Department of Commerce, Division of Real Estate Professional Licensing, and a formal hearing was conducted. The hearing examiner's recommendation to the Ohio Real Estate Commission indicated that McAdams violated R.C.4735.18(A)(35) by failing to "accurately reflect in the purchase contract that earnest money had not been received, rendering the contract term regarding the receipt of earnest money received a materially inaccurate term of false consideration." Over McAdams' objections, the Commission adopted the hearing examiner's findings of fact and conclusions of law and ordered that her real estate broker's license be suspended for ten days, imposed a $500 fine, and required her to complete the ten-hour brokerage post-licensure course.
 {¶ 5} McAdams appealed this administrative ruling to the common pleas court pursuant to R.C. 119.12. The trial court affirmed the Commission's decision, finding that the order was supported by reliable, probative, and substantial evidence and was in accordance with the law.
 {¶ 6} McAdams appeals the common pleas court decision, arguing in her sole assignment of error that the trial court erred when it found the decision of the Commission to be reasonable and based on the preponderance of reliable, probative, and substantial evidence and was in accordance with the law.
 {¶ 7} The standards of review in both the trial and appellate court for R.C. 119.12 administrative appeals are set forth inDiversified Benefit Plans Agency, Inc. v. Duryee (1995),101 Ohio App.3d 495, 499, 655 N.E.2d 1353, as follows:
"When reviewing an order of an administrative agency, a commonpleas court acts in a `limited appellate capacity.' Univ.Hosp., Univ. of Cincinnati College of Medicine v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835,838. In reviewing an order of an administrative agency pursuantto R.C. 119.12, the common pleas court is bound to affirm theagency's order `if it is supported by reliable, probative, andsubstantial evidence, and is in accordance with the law.' Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,614 N.E.2d 748, 750. See, also, Bottoms Up, Inc. v. Ohio LiquorControl Comm. (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475,476. The common pleas court `"`must give due deference to theadministrative resolution of evidentiary conflicts'"' andtherefore must not substitute its judgment for that of theadministrative agency. Hawkins v. Marion Corr. Inst. (1990),62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724, quoting Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111,407 N.E.2d 1265, 1267.
 An appellate court's review of the trial court's decision iseven more limited and requires the appellate court `to determineonly if the trial court has abused its discretion, i.e., beingnot merely an error of judgment, but perversity of will, passion,prejudice, partiality or moral delinquency.' Pons,66 Ohio St.3d at 621, 614 N.E.2d at 750-751. Where the common pleas courtapplies a standard of review greater than that called for in R.C.119.12, the trial court has abused its discretion. Bottoms Up,Inc., 72 Ohio App.3d at 729-730, 596 N.E.2d at 476-477."
 {¶ 8} Moreover, regulatory agencies, including the Ohio Real Estate Commission, may rely on their own expertise in deciding whether certain conduct violates professional standards. RichardT. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of RealEstate (1990), 48 Ohio St.3d 74, 76, 549 N.E.2d 509; Arlen v.State (1980), 61 Ohio St.2d 168, 173-174, 399 N.E.2d 1251.
 {¶ 9} In the instant case, the trial court affirmed the Commission's decision which found that McAdams violated R.C.4735.18(A)(35) by failing to "accurately reflect in the purchase contract that earnest money had not been received rendering the contract term regarding the receipt of earnest money received a materially inaccurate term of false consideration."
 {¶ 10} McAdams argues that this decision is unreasonable because she did not act knowingly. She claims that she did not know that the buyer would not provide the earnest money or back out of the deal. She further claims that by not filling in the check number on the purchase agreement, the contract contained missing terms, thus indicating that no consideration was given.
 {¶ 11} R.C. 4735.18(A)(35) provides that disciplinary sanctions may be imposed upon a real estate licensee who knowingly inserts a materially inaccurate term in a document, including indicating a false consideration.
 {¶ 12} The circumstances surrounding this action are not in dispute. It is uncontroverted that the purchase agreement, signed by the buyer and the seller, states that McAdams acknowledged receipt of $5,000 in earnest money from the buyer. At the time the agreement was signed, the buyer had not given McAdams the $5,000 deposit. McAdams knew when she signed the acknowledgment that she had not received the deposit from the buyer. Although she claims that she thought she would receive the money, this does not change the fact that she signed the purchase agreement acknowledging receipt of $5,000 from the buyer. Signing an acknowledgment in a purchase agreement acknowledging receipt of earnest money when in fact no money was paid is a materially inaccurate term pursuant to R.C. 4735.18. McAdams knew she had not received the money when she signed the document and, thus, she acted knowingly in violation of R.C. 4735.18 by inserting a materially inaccurate term in the purchase agreement.
 {¶ 13} Therefore, we find that the trial court did not abuse its discretion in affirming the Commission's determination that McAdams violated R.C. 4735.18(A)(35). Competent, credible evidence existed to support the Commission's decision that McAdams knowingly inserted a materially inaccurate term in the purchase agreement by acknowledging receipt of earnest money when in fact no money was received.
 {¶ 14} Accordingly, the assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and Blackmon, J. concur.