JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, the Ohio Department of Commerce, Division of Financial Institutions ("DFI" or "the agency"), appeals the trial court's decision to issue plaintiff-appellee, Faruq Atif Husam' Adeen, II (Husam' Adeen), a loan officer license. Finding merit to the appeal, we reverse and remand.
 {¶ 2} In 2002, Husam' Adeen submitted a loan officer application to the DFI. A year later, the DFI notified him that it intended to deny his application because he did not meet the necessary requirements. Husam' Adeen requested an administrative hearing. The day before the scheduled hearing, he requested a continuance because he wanted to hire an attorney. The DFI denied his request, and Husam' Adeen proceeded pro se.
 {¶ 3} Six months after the hearing, the hearing examiner recommended that Husam' Adeen's application for a loan officer license be denied. The examiner found that Husam' Adeen did not truthfully complete his loan officer application because he failed to disclose a criminal conviction. The DFI adopted the examiner's recommendation and issued the final order denying the license.
 {¶ 4} Husam' Adeen appealed the agency's decision to the common pleas court. He claimed that the administrative hearing examiner erred in denying his request for a continuance, and he also sought to admit additional evidence. The lower court scheduled a hearing to consider "such additional evidence that shall be presented * * * to determine the rights of the parties."
 {¶ 5} At the hearing, the trial court permitted Husam' Adeen to introduce testimony from three character witnesses, two of whom had previously testified at the administrative hearing. The court issued a written opinion vacating the DFI's decision and granting issuance of the license.
 {¶ 6} The DFI now appeals, raising two assignments of error. In the first assignment of error, the agency argues that the trial court abused its discretion when it conducted a de novo review of the DFI's decision to deny a loan officer license to Husam' Adeen.
 {¶ 7} R.C. 119.12 governs appeals of administrative procedures and provides in pertinent part:
"Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency. * * *
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."
 {¶ 8} We recently stated in McAdams v. Ohio DOC, Cuyahoga App. No. 86639, 2006-Ohio-2321, citing, Diversified BenefitPlans Agency, Inc. v. Duryee (1995), 101 Ohio App.3d 495, 499,655 N.E.2d 1353, that the standards of review for R.C. 119.12
administrative appeals in both trial and appellate courts are as follows:
"When reviewing an order of an administrative agency, a common pleas court acts in a `limited appellate capacity.' Univ. Hosp.,Univ. of Cincinnati College of Medicine v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835, 838. In reviewing an order of an administrative agency pursuant to R.C.119.12, the common pleas court is bound to affirm the agency's order `if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law.' Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621, 1993-Ohio-122,614 N.E.2d 748, 750. See, also, Bottoms Up, Inc. v. Ohio LiquorControl Comm. (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475,476. The common pleas court `"`must give due deference to the administrative resolution of evidentiary conflicts'"' and therefore must not substitute its judgment for that of the administrative agency. Hawkins v. Marion Corr. Inst. (1990),62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724, quoting Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111,407 N.E.2d 1265, 1267.
An appellate court's review of the trial court's decision is even more limited and requires the appellate court `to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency.' Pons,66 Ohio St.3d at 621, 614 N.E.2d at 750-751. Where the common pleas court applies a standard of review greater than that called for in R.C.119.12, the trial court has abused its discretion. Bottoms Up,Inc., 72 Ohio App.3d at 729-730, 596 N.E.2d at 476-477."
 {¶ 9} Upon appeal of an administrative order, the reviewing court is to examine the evidence in the record to determine if it supports the agency's decision. If the trial court finds that there exists reasonable, probative, and substantial evidence to support the order, it cannot substitute its judgment but must affirm the agency's order, unless the order is contrary to law. A de novo standard of review is inappropriate. See Ohio HistoricalSociety v. State Emp. Relations Bd., 66 Ohio St.3d 466,1993-Ohio-182, 613 N.E.2d 591. The agency's factual findings are presumed correct and the reviewing court must defer to them unless it determines that the agency's findings are "internally inconsistent, impeached by evidence of a prior inconsistent statement, rest upon improper inferences, or are otherwise unsupportable." Id. at 471. The trial court is required, however, to independently construe the law. Id.
 {¶ 10} The DFI claims that the trial court reviewed the agency's decision anew and failed to defer to the agency's findings by allowing Husam' Adeen to present additional evidence solely because he did not have counsel at the administrative hearing. Husam' Adeen argues that the trial court correctly decided that he had been denied his right to have counsel present. We agree that Husam' Adeen has a right to be represented by counsel, but the trial court overstepped its bounds in allowing additional testimony and substituting its judgment for that of the agency.
 {¶ 11} The trial court found that the hearing officer erred in denying Husam' Adeen's request for a continuance to secure counsel. The trial court stated that Husam' Adeen had a fundamental right to an attorney and that the agency was unable to show any undue prejudice if a continuance had been granted.
 {¶ 12} Unlike criminal proceedings, there is no general right of counsel in civil litigation. State ex rel. Burnes v. AthensCounty Clerk of Courts, 83 Ohio St.3d 523, 524, 1998-Ohio-3,700 N.E.2d 1260. R.C. 119.13 states that a party may be represented by an attorney at a hearing (emphasis added). R.C. 119.13 also states:
"At any hearing conducted under sections 119.01 to 119.13 of the Revised Code, a witness, if he so requests, shall be permitted to be accompanied, represented, and advised by an attorney, whose participation in the hearing shall be limited to the protection of the rights of the witness, and who may not examine or cross-examine witnesses, and the witness shall be advised of his right to counsel before he is interrogated."
 {¶ 13} In determining whether a "witness" includes a party to the proceeding, the Ohio Supreme Court determined that the term "witness," as used in R.C. 9.84, should be interpreted in the broadest sense.[1] In re Civ. Serv. Charges Specs.Against Piper, 88 Ohio St.3d 308, 311, 2000-Ohio-332,725 N.E.2d 659. The term "witness" should not be interpreted to exclude a person who is also a party to the investigation. State Frat.Order v. Brown (Dec. 31, 1981), Franklin App. No. 80AP-744.
 {¶ 14} Husam' Adeen was a party to the action as well as a witness appearing before the hearing examiner. Therefore, he had a right to be represented by counsel in the administrative hearing, subject to the limitations found in R.C. 119.13. However, we find that it was an abuse of the trial court's discretion to conduct its own administrative hearing and substitute its judgment for that of the agency.
 {¶ 15} Pursuant to R.C. 119.12, a reviewing trial court can grant a party's motion to hear additional evidence only when it is "satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." Newly discovered evidence is evidence that exists at the time of the administrative hearing but was incapable of being discovered by due diligence. CVS/Pharmacy #3131 v. Ohio State Bd. of Pharm.,
Cuyahoga App. No. 82215, 2003-Ohio-3806, citing, Frazier v. OhioState Bd. of Educ. (Dec. 16, 1999), Cuyahoga App. No. 75042. As the moving party, Husam' Adeen had the burden of demonstrating: "(1) that the evidence was actually newly discovered; that is, it must have been discovered subsequent to the trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." Id.
 {¶ 16} The trial court deemed Husam' Adeen's additional evidence "newly discovered" because he did not have counsel at the administrative hearing. The court did not require Husam' Adeen to demonstrate that he met the burden of introducing additional evidence before the court heard the evidence. The court allowed Husam' Adeen to call character witnesses because his lack of counsel at the administrative hearing somehow prevented him from adequately questioning these witnesses. A review of the testimony, however, shows that the testimony provided by the witnesses did not constitute newly discovered information but could have been presented at the administrative hearing.
 {¶ 17} Husam' Adeen has not demonstrated that he exercised due diligence to obtain the testimony of his witnesses prior to the administrative hearing. Further, the trial court allowed two of the same witnesses who testified at the administrative hearing to testify before the court. The testimony of Husam' Adeen's employer at the administrative hearing and at the trial court was repetitious. Although the court eventually struck that testimony, it should not have allowed a witness who had already testified at the administrative hearing to testify again unless the court made the prior determination that the information was newly discovered.
 {¶ 18} Husam' Adeen also testified at the hearing and before the trial court. Much of his testimony was repetitive; however, the court denied the agency's motion to strike his testimony. The final witness, Earl Williams, admitted that he knew the substance of his testimony regarding Husam' Adeen's character prior to the date of the administrative hearing.
 {¶ 19} Further, although the agency determined that Husam' Adeen did not meet the conditions of R.C. 1322.041, we find that the trial court made its decision based solely on facts entered into evidence and not on an independent assessment of the law. See Ohio Historical Society, supra (if an agency determination is made pursuant to a state statute, case law, or state or federal Constitution, a reviewing court must construe the law on its own). Whether Husam' Adeen was able to show by a preponderance of the evidence that his activities since his criminal conviction encompass the directives of R.C. 1322.041 is a factual finding, not a legal finding.[2] That factual finding is better left to the agency as the initial trier of fact.
 {¶ 20} We find error in the trial court's decision to hear additional testimony that could have been presented at the administrative hearing. We agree with the agency that the trial court's actions amount to a de novo review. The court should have found error in the agency's refusal to grant Husam' Adeen a short continuance and remanded the case for further review by the agency. It was improper for the trial court to hold its own administrative hearing and conduct a de novo hearing. The court may not substitute its own judgment on factual matters; instead, the court must give due deference to the expertise of the agency. Thus, the abuse of discretion arose when the trial court conducted a trial de novo instead of remanding the case to the DFI.
 {¶ 21} Finding that the trial court erred in allowing additional evidence to be admitted, we sustain the first assignment of error.
 {¶ 22} In the second assignment of error, the DFI argues that its final order was based on reliable, probative, and substantial evidence and was in accordance with the law. Because we sustained the first assignment of error, it would be premature for this court to consider the merits of the agency's decision. Therefore, the second assignment of error is overruled.
 {¶ 23} Accordingly, the first assignment of error is sustained.
Judgment reversed and case remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia Ann Blackmon, J. concurs.
 Michael J. Corrigan, J. concurs in Judgment Only.
[1] R.C. 9.84 provides:
"Any person appearing as a witness before any public official,department, board, bureau, commission, agency, or representativethereof, in any administrative or executive proceeding orinvestigation, public or private, if he so requests, shall bepermitted to be accompanied, represented, and advised by anattorney."
[2] R.C. 1322.041(A)(3) states in pertinent part that an applicant who has been convicted of or pleaded guilty to an offense must prove "by a preponderance of the evidence, that the applicant's activities and employment record since the conviction show that the applicant is honest, truthful, and of good reputation, and there is no basis in fact for believing that the applicant will commit such an offense again."